IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| In Re:<br><br>**KEMPES JEAN,**<br>**LORI LEE JEAN**<br><br>*Debtors*<br><br>**KEMPES JEAN,** *et al*.<br><br>*Plaintiffs*<br>**v.**<br><br>**SARI KURLAND,** *et al*.<br><br>*Defendants* | Case No.: 20-10883-LSS<br><br>Chapter 7<br><br><br><br><br><br>Adversary No.: 23-00017 |

## **DEFENDANTS' MOTION TO STAY PENDING RESOLUTION OF CRIMINAL CASES**

COMES NOW, Defendants Sari Kurland, Esq. and the Law Offices of Sari Kurland (collectively, "Kurland"), by and through undersigned counsel, and submit this Motion to Stay Pending Resolution of Criminal Cases. No memorandum will be filed, and Kurland will rely solely upon the following:

### **FACTUAL BACKGROUND & PROCEDURAL HISTORY**

On January 20, 2023, Plaintiffs Kempes Jean, Lori Lee Jean, and Gary Rosen (collectively, "Plaintiffs") filed a Complaint against Kurland, raising legal malpractice claims arising from Kurland's representation of Kempes Jean and Lori Lee Jean in their underlying bankruptcy case. ECF No. 300.

On April 11, 2024, Kurland was indicted on three (3) felony theft and three (3) related offenses in the Circuit Court for Montgomery County, Maryland. Docket, *State of Maryland v. Sari K. Kurland*, C-15-CR-24-000449. Trial is currently scheduled in this case for February 5-18, 2025. *Id.* On January 23, 2025, Kurland was indicted on three (3) additional felony theft offenses

in the Circuit Court for Montgomery County, Maryland.  Docket, *State of Maryland v. Sari K. Kurland*, C-15-CR-25-000069.  Trial has not yet been scheduled in this case, and Kurland is currently being held in jail without bond.  *Id.*

On January 27, 2025, Plaintiffs noticed Kurland's in person deposition in this case for February 21, 2025, at 10:00 a.m.  Ex. A, Notice of Deposition.

## **LEGAL STANDARD**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  "Federal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action." *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970).  In *Kordel*, the Supreme Court found that when a party is subjected to "a 'real and appreciable' risk of self-incrimination . . . the appropriate remedy would be a protective order under Rule 30(b), postponing civil discovery until termination of the criminal action." *Id.* at 9 (citing *Paul Harrigan & Sons v. Enterprise Animal Oil Co.*, 14 F.R.D. 333 (1953)).

## **ARGUMENT**

When deciding whether to stay a civil proceeding pending the competition of parallel criminal proceedings, Courts consider five (5) factors: "(1) the interest of the plaintiff in proceeding expeditiously with the civil action as balanced against the prejudice to the plaintiffs if delay; (2) the burden on defendants; (3) the convenience to the courts; (4) the interest of persons not parties to the civil litigation; and (5) the public interest."  *In re Mid-Atlantic Toyota Antitrust Litigation*, 92 F.R.D. 358, 359 (1981).  In this case, the *Mid-Atlantic* factors weigh in favor of staying this matter until Kurland's criminal proceedings are resolved.

First, Plaintiffs' interest in proceeding expeditiously is questionable, considering Plaintiffs initiated this matter over two (2) years ago and are just now trying to depose Kurland. Apart from the prejudice that Plaintiffs have already subjected themselves to by delaying Kurland's deposition this far, Plaintiffs will not suffer any more prejudice if this matter is stayed. In fact, staying this matter could benefit Plaintiffs because it will allow Kurland to testify openly and freely after her criminal cases are resolved.

Second, the burden of Kurland is extraordinary. Kurland will have to develop both criminal and civil defenses simultaneously if this matter is not stayed pending resolution of her criminal cases. Further, if this matter proceeds while Kurland's criminal cases are pending, she will be unable to testify on her own behalf or present any potential defenses in this case out of fear of self-incrimination. Further, if Kurland is required to appear at a deposition and she invokes her constitutional right against self-incrimination, her silence can still be used against her. *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976) (finding that "the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them"). Kurland will be forced into the position of choosing between her constitutional guarantees and defending against Plaintiffs' claims. While forcing Kurland into such a position is not unconstitutional, this Court may exercise its discretion to stay this matter in the interests of justice. *Id.* at 318-19.

Third, staying this matter until Kurland's criminal proceedings are resolved will be convenient to this Court and help avoid duplicative judicial efforts by this Court and the Montgomery County Circuit Court. Kurland's two (2) criminal cases and this matter arise from allegations related to Kurland's law practice, raising similar and overlapping questions of law and fact. Also, allowing this matter to proceed while the criminal cases are pending will be inefficient

3

because Kurland will be forced to assert her Fifth Amendment privilege, which will create privilege issues that this Court will be burdened to resolve.

Fourth, no persons not parties to this matter will be harmed if this case is stayed.

Fifth, apart from the public's general interest in the efficient administration of justice, there are no public interests that will be harmed if this case is stayed.

Based on the foregoing, the *Mid-Atlantic* factors weigh in favor of staying this matter until Kurland's criminal proceedings are resolved. As such, Kurland respectfully requests that this matter be stayed until her criminal cases are resolved.

Respectfully submitted,

*/s/ Robert M. Gittins*
Robert M. Gittins (28240)
ECCLESTON & WOLF, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD  21076-1378
(410) 752-7474 (phone)
(410) 752-0611 (fax)
E-mail:  gittins@ewmd.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 29, 2025, a copy of the foregoing Defendants' Motion to Stay Pending Resolution of Criminal Cases was served by the Court's ECF System to all counsel of record.

*/s/Robert M. Gittins*
Robert M. Gittins

4