**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| In re: ) | |
| ) | |
| **KEMPES JEAN** ) | Case   20-10883 |
| **LORI LEE JEAN** ) | (Chapter 7) |
|     Debtors ) | |
| ) | |
| **KEMPES JEAN** ) | |
| **LORI LEE JEAN** ) | Adv. No. 23-00017 |
| **GARY ROSEN** ) | |
|     Plaintiffs ) | |
| v. ) | |
| ) | |
| **SARI K. KURLAND** ) | |
| **THE LAW OFFICES OF SARI** ) | |
| **KURLAND, PC** ) | |
|     Defendants ) | |

## MOTION FOR EXPEDITED STATUS HEARING ON DISPOSITION AND SETTLEMENT OF ADVERSARY PROCEEDING

KEMPES JEAN, LORI LEE JEAN (the "Debtors"), and GARY ROSEN (the "Trustee"), by and through Frank Mastro, Esquire ("Trustee's Counsel") (collectively, the "Plaintiffs") by and through Thomas O'Toole, Esquire (the "Plaintiffs' Counsel"),[1] hereby file this Motion for Expedited Status Hearing on Disposition and Settlement of Adversary Proceeding, and state as follows:

### FACTUAL STATEMENT:

On or about January 22, 2020 (the "Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code of 2005 as amended (the "Code"). Sari Karson Kurland and The Law Offices of Sari Kurland, PC (collectively, the "Defendants") served as counsel

---

[1] John D. Burns, Esquire ("Jeans Counsel") enters a very limited appearance solely to facilitate the present Motion and prompt progress on disposition of this Adversary Proceeding through enforcement and hopeful closure of this settlement process which has been ongoing for many months. Jeans Counsel assumes no other role in this matter by filing this Motion. Similarly, Frank J. Mastro, Esquire ("Trustee's Counsel") enters a very limited appearance solely to facilitate the present Motion and prompt progress on disposition of this Adversary Proceeding through enforcement and hopeful closure of this settlement process which has been ongoing for many months. Trustee's Counsel assumes no other role in this matter by filing this Motion.

to the Debtors during all relevant periods in this adversary proceeding. The Plaintiffs and Defendants shall be known collectively as the "Parties."

On or about January 20, 2023, now over two (2) years ago, the Plaintiffs by and through Plaintiffs' Counsel filed a civil complaint for professional malpractice and other relief against Defendants. After multiple Scheduling Orders which were vacated, on or about April 15, 2024, the Plaintiffs by and through Plaintiffs' Counsel filed a Joint Motion for referral of case disputes to mediation. On or about April 18, 2024, the Bankruptcy Court entered an Order granting the Joint Motion and an Order appointing Thomas J. Catliota, U.S.B.J. retired, as mediator. Judge Catliota graciously conducted innumerable settlement sessions with the Parties.

The economic issues in the above captioned adversary proceeding have been resolved and Judge Catliota filed on February 10, 2025 a Report of Mediator confirming this challenging matter had been settled.

However, several issues remain in flux which are not matters of monetary substance but rather questions of material authorization for the settlement by Defendant, which her counsel has been challenged in substantiating given the Defendant is presently incarcerated on several felonies in Montgomery County, Maryland. Likewise, a statement that Defendant holds no unmatured claims against Plaintiffs, and in particular the Jeans, given the passage of years since the Complaint and Answer were filed is material. Finally, the signatures of Messrs. Burns and Mastro are being required with various terms on indemnity and the like, which this Court's attention to in a status hearing to would be helpful to press matters to a conclusion.

The Rules Committee has formulated a supervisory role for the tribunal under the intended ambit of Fed. R. Civ. P. 16(a),

This relief is sought pursuant to 11 U.S.C. § 105(a) and Fed. R. Civ. P. 16(a)(1), (2) and (5). A federal court has broad powers to control its docket and to avoid a waste of time and expense in litigation. *See* Fed. R. Civ. P. 16(a)(1)-(5). "We recognize that the district court has discretion to control its docket and prevent undue delays in litigation." *See Link v. Wabash R. Co.,* 370 U.S. 626, 630-31 (1962). *Cadet Constr. Co. v. Archer W. Constr.,* 22-1576, p.13 (4th Cir. Aug 18, 2023).

For the foregoing reasons, and pursuant to 11 U.S.C. § 105(a) and Fed. R. Civ. P. 16(a)(5), the Plaintiffs respectfully request that the Bankruptcy Court order that a video-conference status hearing be commenced with undersigned counsel present for Plaintiffs and counsel for Defendant to move this matter to a full and final conclusion.

WHEREFORE, the Plaintiffs respectfully request that the Bankruptcy Court enter an Order: (i) Granting the Motion; (ii) Authorizing and Directing that a status conference be set in by videoconference with counsel in attendance; and (iii) Granting such other and further relief as equity may require.

    Respectfully submitted,

    */s/Thomas O'Toole*
    Thomas O'Toole (#10227)
    Baroody & O'Toole
    201 N. Charles Street, Suite 2102
    Baltimore, MD  21201
    phone (410) 539-8410
    facsimile (410) 539-8411
    cell (410) 258-0352
    *Attorney for Plaintiffs*

4

          */s/ Frank J. Mastro*
          Frank J. Mastro #24679
          Schlossberg | Mastro
          P.O. Box 2067
          Hagerstown, MD 21742-2067
          (301) 739-8610
          fmastro@schlosslaw.com
          *Attorneys for Gary Rosen, Chapter 7 Trustee*


          */s/ John D. Burns*
          John D. Burns #22777
          The Burns Law Firm, LLC
          6305 Ivy Lane; Suite 340
          Greenbelt, Maryland 20770
          (301) 441-8780
          info@burnsbankruptcyfirm.com
          *Attorneys for Kempes Jean and Lori Lee Jean*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of March 2025, a copy of the foregoing document was served via ECF to Robert M. Gittins, Esq., Eccleston & Wolf, P.C., Baltimore-Washington Law Center, 7240 Parkway Drive, 4th Floor, Hanover, MD 21076-1378.

          */s/ Thomas O'Toole*
          Thomas O'Toole